1
2
3
4
5
6
7
8

9                   **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

11
12
13
14

15   KIM DIRICKSON,                    ) ED CV 11-00489 (SH)
                                        )
16                     Plaintiff,       ) MEMORANDUM DECISION
                                        ) AND ORDER
17          v.                          )
                                        )
18   MICHAEL J. ASTRUE,                 )
     Commissioner of Social Security,   )
19                                      )
                       Defendant.       )
20   _____)

21

22                          **I.  SUMMARY**

23          This matter is before the Court for review of the Social Security

24   Commissioner's decision denying plaintiff's application for Disability Insurance

25   Benefits and Supplemental Security Income under Titles II and XVI of the Social

26   Security Act.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the

27   undersigned may handle the case.  The action arises under 42 U.S.C. § 405(g),

28   which authorizes the Court to enter judgment upon the pleadings and transcript

                                        1

of the record before the Commissioner.  Plaintiff and defendant have filed their
pleadings, defendant has filed the certified transcript of record, and each party
has filed its supporting brief.  After reviewing the matter, the Court concludes
that the Commissioner's decision should be affirmed.

## II.  BACKGROUND

Plaintiff Kim Dirickson ("plaintiff") applied for Disability Insurance
Benefits and Supplemental Security Income on April 1, 2008, alleging inability
to work since December 1, 2006.  Administrative Record ("AR") 13.  Both
claims were denied on July 7, 2008, and again upon reconsideration on October
29, 2008.  AR 13.  Plaintiff filed for and was granted an administrative  hearing,
held on February 12, 2010.  AR 25-66.  On March 19, 2010, an Administrative
Law Judge ("ALJ") determined that Plaintiff was not disabled within the
meaning of the term under the Social Security Act.  AR 10-24.  Following the
Appeals Council's denial on February 24, 2011, of plaintiff's request for a
review of the hearing decision, plaintiff filed an action in this Court.  AR 1-3, 8.

## III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court may review the Commissioner's
decision denying plaintiff benefits, and either affirm, reverse, or remand.
Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir. 1993).  Only decisions
unsupported by substantial evidence or those based upon the application of
improper legal standards will be disturbed.  42 U.S.C. § 405(g) (2009); Vertigan
v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).  Substantial evidence is "more
than a mere scintilla but less than a preponderance; it is such relevant evidence as
a reasonable mind might accept as adequate to support a conclusion."  Sandgathe
v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  To make determinations, this
Court reviews the administrative record as a whole, taking into account all

1  relevant evidence with respect to the Commissioner's conclusion.  <u>Tackett v.</u>
2  <u>Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  This Court will not disturb the
3  Commissioner's decision when the evidence allows more than one reasonable
4  interpretation.  <u>Sandgathe</u>, 108 F.3d at 980.

5

6  ### III.  DISCUSSION

7       Plaintiff challenges the decision on three grounds.  Plaintiff claims that the
8  ALJ failed to give an adequate explanation supported by substantial evidence in
9  finding that plaintiff's knee impairments did not meet or medically equal Listing
10 1.02A; second, the ALJ failed to account for the opinion of the examining
11 psychiatrist in finding that plaintiff did not have a severe mental impairment,
12 and; third, the ALJ failed to conduct an accurate and complete residual functional
13 capacity ("RFC") assessment because the evaluation did not factor in the opinion
14 of the examining psychiatrist.  For the reasons discussed below, the Court
15 concludes that the decision of the Commissioner should be affirmed.

16 **A.  ISSUE NO. 1:**

17      Plaintiff claims that the ALJ failed to give an adequate explanation
18 supported by substantial evidence in finding that plaintiff's knee impairments did
19 not meet or medically equal Listing 1.02(A).  20 C.F.R. Pt. 404, Subpt. P, App.1,
20 § 1.02 (2011).  Defendant counters that plaintiff failed to meet plaintiff's burden
21 of demonstrating her disability under the Listing, and that the evidence proffered
22 did not amount to the listed impairment.

23      The Social Security Regulations set forth a five-step sequential evaluation
24 process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520;
25 <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007).  If the ALJ determines
26 that a claimant's impairment is severe in step two, then the ALJ must determine
27 in step three whether a claimant meets or exceeds a Listed impairment.  20
28 C.F.R. §§ 404.1525, 404.1526, 416.925, 416.926.

1   The plaintiff carries the initial burden to present medical findings that her
2   impairment or combination of impairments meets or medically equals the
3   requirements of a Listing.  Tackett, 180 F.3d at 1100.  A diagnosis alone does
4   not meet the burden, there must be specific findings showing the requirement of
5   the Listing.  "An impairment 'meets' a listed condition in the Listing of
6   Impairments only when it manifests the specific findings described in the set of
7   medical criteria for that Listed impairment. A finding that an impairment meets
8   the listing will not be justified on the basis of a diagnosis alone."  Social Security
9   Ruling ("SSR") 83-19; see Marcia v. Sullivan, 900 F.2d 172, 175 (9th Cir. 1990).
10  The burden then shifts to the ALJ to evaluate all the evidence in detail to
11  determine whether the claimant's impairment or combination of impairments do
12  indeed meet or medically equal a Listed impairment.  Lewis v. Apfel, 236 F.3d
13  503, 512 (9th Cir. 2001); 20 C.F.R. § 416.920(a)(4)(iii).  A "boilerplate finding
14  is insufficient to support a conclusion that a claimant's impairment does not
15  [meet or equal a Listing]." Id.  An ALJ's lack of formal analysis and findings at
16  step three, however, will not constitute reversible error when plaintiff has
17  "offered no theory, plausible or otherwise, as to how his [impairments] combined
18  to equal a listed impairment."  Id. at 513-14.

19      Plaintiff argues that her condition meets or equals the requirements of
20  Listing 1.02(A).  The Listing governs the major dysfunction of a joint due to any
21  cause and will be met in the case of:

22      [G]ross anatomical deformity (e.g., subluxation, contracture, bony or
23      fibrous ankylosis, instability) and chronic joint pain and stiffness with
24      signs of limitation of motion or other abnormal motion of the affected
25      joint(s), and findings on appropriate medically acceptable imaging of
26      joint space narrowing, bony destruction, or ankylosis of the affected
27      joint(s).

28  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02 (2011) (emphasis added).  In
    addition, after establishing the elements above, to meet the Listing requires a

showing either of "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b," or "[i]nvolvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c."  Id.

As proof of their severity, plaintiff lists her knee impairments:  right knee osteoarthritis and left knee chondromalacia, the arthroscopic surgery she had in 1999, and the magnetic resonance imaging ("MRI") taken on September 18, 2006, and January 18, 2008, which confirmed the respective knee impairments. AR 15, 212-13, 220.  Plaintiff also argues that because she does not regularly use a cane to walk it is not necessarily true that she can therefore ambulate effectively, citing §1.00B(2)(b): "[an] example of ineffective ambulation [is] . . . the inability to walk a block at a reasonable pace on rough or uneven surfaces . . . . [Furthermore, t]he ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation."  Plaintiff places emphasis on the phrase "uneven surfaces" because of the ALJ's finding in the RFC assessment that plaintiff cannot work on such surfaces.  AR 18.  Plaintiff's theory is that her impairments medically equal Listing 1.02(A) because it is possible to infer that she cannot walk at a reasonable pace on uneven surfaces (the precise wording of § 1.00B2b states "to walk a *block* at a reasonable pace").

Given a plaintiff's theory, "plausible or otherwise," if the ALJ finds against it, the finding must be detailed.  In the step two assessment the ALJ states that plaintiff's status post arthroscopic surgery is severe.  AR 15.  In the RFC analysis, the ALJ discusses the two MRIs and their respective results, which show the "degenerative changes in both knees."  AR 21.  The ALJ then discusses the results of the examination of plaintiff by Dr. Bryan H. To, M.D., on June 14, 2008.  Dr. To found plaintiff's range of motion "throughout the body" to be within "normal limits," and that she walked with a "normal gait."

5

Next, the ALJ considers the findings of Dr. Arthur Lorber, M.D., a non-examining physician who testified at the hearing as a medical expert.  AR 31-35. A non-examining physician's opinion may serve as substantial evidence when it is consistent with other evidence in the record.  Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995).  The ALJ may also legitimately credit Dr. Lorber's testimony because he was subject to cross-examination.  Id. at 1041.  After reviewing plaintiff's medical records and briefly questioning the plaintiff at the hearing, Dr. Lorber confirmed plaintiff's impairments, but he concluded that "these medically determinable impairments neither singly nor in combination met or equaled a medical listing."  AR 21.  He also catalogued the limitations plaintiff's impairments placed on her ability to work, which limitations amounted to plaintiff being restricted to "a sedentary level of work."  AR 33. Like Dr. To, Dr. Lorber found that plaintiff had a full range of motion.  AR 32. And as to her gait, again like Dr. To, Dr. Lorber found it to be "normal", though he did advise that she should not walk or work on uneven surfaces, a finding which the ALJ incorporated.  AR 18, 34.

Plaintiff argues that the finding regarding walking on uneven surfaces meets the bar of § 1.00B2b.  Notwithstanding plaintiff's assertion regarding uneven surfaces, to meet the overall listing requires meeting all of the conditions enumerated in § 1.02A.  Specifically, the section states that there must be "signs of limitation of motion or other abnormal motion of the affected joint(s)."  Here, neither Dr. Lorber, Dr. To, nor the state agency review physicians, Dr. Kalmar and Dr. Ross, found limitations to the range of  motion or other abnormal motion in plaintiff's knees.  AR 32, 224, 236, 300.

Dr. Lorber's conclusions are consistent with those of other physician's opinions in the record.  Dr. To's estimation of plaintiff's limitations were, if anything, not as restrictive as Dr. Lorber's findings.  Dr. To found that plaintiff could lift 50 pounds occasionally and 25 pounds frequently, where Dr. Lorber said 20 and 10 pounds, respectively.  AR 33, 225.  Dr. To found that plaintiff

could walk on uneven surfaces on a frequent basis, where Dr. Lorber said plaintiff should not "walk or work on slippery, wet, or uneven surfaces."  AR 34, 226.  With respect to the findings of Dr. Kalmar and Dr. Ross, the conclusions of each were consistent with Dr. To's in terms of being less limiting than Dr. Lorber's.  AR 236, 299-301.  The ALJ legitimately relied on Dr. Lorber's opinion, and, with an appropriately detailed explanation supported by substantial evidence, the ALJ properly determined that plaintiff's impairments did not meet or medically equal Listing 1.02(A).

### B.  ISSUE NO. TWO:

Plaintiff alleges that the ALJ erred in not finding plaintiff's mental impairment severe because the ALJ failed to properly account for the opinion of the examining psychiatrist, Dr. Bagner.  Defendant argues that plaintiff did not meet her burden of establishing evidence of severe mental impairment; that even if plaintiff's mental impairment was severe the failure to identify it was irrelevant because other severe impairments had already been identified; and that the ALJ properly considered Dr. Bagner's opinion.

A severe impairment or combination of impairments significantly limits the physical or mental ability to perform basic work activities.  20 C.F.R. § 416.920 (2004).  An impairment is severe when it more than minimally effects an individual's ability to do basic work activities.  See Powell v. Chater, 959 F. Supp. 1238, 1242 (C.D. Cal. 1997).  An impairment is "non-severe" if it does not significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a) (2004).  Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) the use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6)

dealing with changes in a routine work setting.  20 C.F.R. § 416.921(b) (2004).
By its own terms, this is a *de minimus* test — intended to weed out the most
minor of impairments.  See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 107 S. Ct. 2287,
2299-2300, 96 L. Ed. 2d 119 (1987) (O'Connor, J. concurring).

Here, the ALJ indeed accounted for Dr. Bagner's opinion, giving it "great
weight." AR 17.  Nevertheless, plaintiff's claim of an improper finding of non-
severity keys on Dr. Bagner's conclusion that plaintiff would have "mild to
moderate limitations handling normal stresses at work."  AR 17, 230.  Plaintiff's
focus on this single observation of Dr. Bagner's ignores the totality of Dr.
Bagner's opinion and the opinions of the state agency review psychiatrists, Dr.
Skopec and Dr. Gregg.  AR 237-51, 302-12.

Dr. Bagner noted that plaintiff's speech was "intact and coherent," and
that her "thought processes [were] tight." AR 229.  He observed that plaintiff
"appear[ed] to have average intelligence," and was "alert and oriented to person
and place."  AR 229.  Plaintiff also appeared "to have normal reality contact."
AR 229.  In addition to the observation on which plaintiff focuses, Dr. Bagner
opined in sum that plaintiff "would have no limitations interacting with
supervisors, peers or the public;" she would have "zero to mild limitations
maintaining concentration and attention and completing simple tasks;" and "[s]he
would have mild limitations completing complex tasks and completing a normal
workweek without interruption."  AR 230.  Dr. Bagner's opinion also comported
with those of the state agency review psychiatrists.

Both Dr. Skopec and Dr. Gregg, in their respective Psychiatric Review
Technique forms rating plaintiff's functional limitations - the four "B" criteria –
found that aside from a rating of "mild" for the category of difficulties in
maintaining concentration, persistence, or pace, the other three categories were
each rated "none." AR 245, 310. Under 20 C.F.R. § 404.1520(d)(1), such ratings
are consistent with a non-severe impairment finding.  20 C.F.R. § 404.1520(d)(1)

(2004).  Notably, the ALJ chose not to give Dr. Skopec's initial review significant weight because Dr. Skopec called for a mental RFC assessment, which recommendation the ALJ found to be inconsistent with Dr. Skopec's finding of a non-severe mental impairment.  AR 17-18.  Nevertheless, in his remarks concluding the mental RFC assessment, Dr. Skopec opined that plaintiff could "maintain pace, persistence, [and] concentration, [and] could work [a] 40 hour workweek." AR 250.

To the extent that the opinions of the review psychiatrists, Dr. Skopec and Dr. Gregg, were consistent with the opinion of the examining psychiatrist, Dr. Bagner, the opinions of the two may be considered substantial evidence.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Dr. Bagner's conclusion that plaintiff would have mild to moderate limitations in handling normal stresses at work does not render his opinion inconsistent with those of the State Agency physicians.  Id.  Finally, the ALJ's disability determination is not predicated on addressing every detail of the consultative examining physician's report or every piece of evidence in the record.  Howard ex. rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).  The ALJ properly determined the non-severity of plaintiff's mental impairment.

### C. ISSUE NO. THREE:

Plaintiff alleges that the ALJ failed to conduct an accurate and complete RFC assessment because the evaluation did not factor in Dr's Bagner's finding as discussed above.  Defendant counters that the RFC assessment was entirely proper.  In the RFC analysis, the Court agrees that the ALJ did not specifically discuss Dr. Bagner's conclusion regarding plaintiff's ability to handle normal stresses at work.  AR 18-23.  However, because  Dr. Bagner's opinion, the opinions of Dr. Skopec and Dr. Gregg, discussed above, and the findings of the physicians, Dr. To and Dr. Lorber, also discussed above, are all consistent with a finding that plaintiff is not disabled and that plaintiff retains an RFC that allows

her to perform her past relevant work, a conclusion supported by the Vocational Expert, the ALJ's failure to specifically discuss Dr. Bagner's conclusion amounted to harmless error.  AR 23, 58-65.

SSR 96-8p, provides:

> In assessing [residual functional capacity], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe."  While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments-- be critical to the outcome of a claim.

SSR 96-8p.  The language echoes the governing regulations, which provide that the Agency "will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity."  20 C.F.R. § 416.945(a)(2) (2004).  The ALJ's failure in his RFC assessment to consider Dr. Bagner's finding that plaintiff would have mild to moderate limitations handling normal stress at work was error. The issue is whether the error was harmless, and the Court concludes that it was.

In the Social Security context, an error is harmless if it is "in-consequential to the ultimate non-disability determination."  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's failure to consider the limitations caused by Plaintiff's mild to moderate difficulties handling normal stress at work in assessing plaintiff's RFC was harmless because, in light of the medical findings of the doctors discussed above, these limitations did not significantly limit her ability to work.  See Hoopai, 499 F.3d at 77.

Moreover, the ALJ's failure to mention a portion of Dr. Bagner's report is not fatal to his decision. The ALJ is not required to address every detail of the

consultative examining physician's report or every piece of evidence in the record in reaching a disability determination.  <u>Howard ex. rel. Wolff v. Barnhart</u>, 341 F.3d 1006, 1012 (9th Cir. 2003).  The ALJ must provide an explanation only when rejecting evidence, but he does not need to discuss all evidence.  <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  The ALJ did not reject either the opinion, evidence, or diagnosis, vague though it may have been, of Dr. Bagner, who was an examining physician not a treating physician.  AR 16. Whereas the opinion and evidence of a treating physician engender particular analytical burdens on the ALJ, the same cannot be said of the opinions and evidence of examining physicians, unless, again, they are being rejected. <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527, 416.927.  Despite his failure to discuss Dr. Bagner's finding, the ALJ conducted a proper RFC assessment.

## IV.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED:  <u>September 20, 2011</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE